NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO L.V.

No. 1 CA-JV 24-0145

FILED 08-12-2025

---

Appeal from the Superior Court in Maricopa County
No. JD23144, JS22063
The Honorable Michael C. Blair, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Seth Draper
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

---

**M O R S E**, Judge:

¶1        Sonia Q. ("Mother") challenges the superior court's order terminating her parental rights as to "L.V." For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Mother has four children and has struggled with substance abuse for approximately eight years. The superior court previously terminated Mother's rights to two of her children on substance-abuse grounds in 2014 and 2023. In March 2023, Mother gave birth to L.V., who tested positive for exposure to illegal substances. The Department of Child Safety ("DCS") took custody of L.V. the following month.

¶3        Before seeking termination, DCS offered Mother several rehabilitation and reunification services, including random urine testing, substance-abuse treatment, the Nurturing Parenting Program, and supervised visitation. But Mother did not use or participate in these services. Because L.V. was born substance-exposed, he requires additional medical care. DCS informed Mother she needed training from L.V.'s primary care physician to meet his needs, but Mother declined to attend. As a result, Mother was unable to have unsupervised visits with L.V.

¶4        In an unrelated criminal case, the superior court placed Mother on probation following her guilty plea to felony and shoplifting charges. In June 2023, Mother violated the terms of that probation and spent approximately one year in prison. While incarcerated, Mother did not participate in parenting classes or substance-abuse treatment plans offered by the Department of Corrections. Moreover, because Mother refused the training with L.V.'s physician, DCS continued to restrict her visits with L.V. Mother had infrequent virtual visits with L.V. while incarcerated.

¶5        In March 2024, DCS petitioned to terminate Mother's parental rights to L.V., alleging abandonment, chronic substance abuse, nine-

months' out-of-home placement, and prior termination due to substance abuse. *See* A.R.S. §§ 8-533(B)(1), (3), (8)(a), and (10).

**¶6**      After Mother's release from prison in June 2024, DCS re-referred her for rehabilitation and reunification services. DCS also allowed Mother supervised, in-person visitation with L.V. upon her release.

**¶7**      The superior court conducted a termination adjudication hearing in July 2024, at which Mother and a DCS child-safety specialist testified. Following the hearing, the superior court terminated Mother's parental rights on three grounds: (1) chronic substance abuse; (2) nine months in out-of-home placement; and (3) prior termination of parental rights due to the same cause.

**¶8**      Mother timely appealed and we have jurisdiction pursuant to A.R.S. §§ 8-235(A) and 12-120.21(A)(1).

## DISCUSSION

**¶9**      Mother appeals the order terminating her parental rights. She argues the superior court erred in finding: (1) that DCS made diligent reunification efforts; and (2) that Mother's substance abuse would continue. Mother does not challenge the superior court's best-interests finding. We address these arguments below.

## I.    DCS Reunification Efforts.

**¶10**      Mother argues DCS failed to make sufficient reunification efforts before the superior court terminated her parental rights.

**¶11**      Before terminating parental rights, DCS must make reasonable efforts to provide reunification services. *Jessie D. v. Dep't of Child Safety*, 251 Ariz. 574, 581, ¶ 18 (2021). DCS's reunification efforts must offer parents "the time and opportunity to participate in programs designed to help [them] become [] effective parent[s]." *Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994). However, DCS "is not required to provide every conceivable service or to ensure that a parent participates in each service it offers." *Id.* "[B]ecause the juvenile court is in the best position to weigh evidence and assess witness credibility," *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478, ¶ 30 (2023), we will not reweigh the evidence or reevaluate witness credibility, *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151, ¶ 18 (2018). We will affirm the superior "court's legal conclusions regarding the statutory ground for termination . . . unless they are clearly erroneous." *Brionna J.*, 255 Ariz. at 478–79, ¶ 31. And we affirm unless "'as

a matter of law [] no one could reasonably find the evidence to be clear and convincing.'" *Id.* (quoting *Murillo v. Hernandez*, 79 Ariz. 1, 9 (1955)).

**¶12** Here, the evidence supports the superior court's finding that DCS made sufficient reunification efforts. The record shows DCS offered Mother access to substance-abuse treatment, parenting classes, facilitated meetings with L.V.'s primary care physician, and allowed Mother to visit L.V. Mother failed to complete or meaningfully engage in any of these services. Although Mother requested multiple in-person visits with L.V. while incarcerated and went to an initial intake assessment for substance-abuse treatment, she ultimately failed to show up for any additional rehabilitative treatments.

**¶13** DCS presented evidence that Mother did not participate in substance-abuse treatment offered by DCS or subject herself to drug testing. She refused to complete the required training with L.V.'s physician to allow in-person visitation during her time in prison. And Mother similarly failed to take advantage of the treatment programs or parenting classes while incarcerated.

**¶14** DCS "is not required to provide every conceivable service or to ensure that a parent participates in each service it offers." *JS-501904*, 180 Ariz. at 353. Thus, adequate evidence supports the superior court's finding that DCS made sufficient reunification efforts. *See id.* at 352–53 (finding DCS's offer of parenting classes, substance-abuse programs, and coordinating visitation were sufficient even though parent did not use them and other services could have been offered).

## II. Substance Abuse.

**¶15** Mother next argues the superior court erred in terminating her parental rights under the chronic substance-abuse ground. *See* A.R.S. § 8-533(B)(3).

**¶16** The superior court may terminate a parent's rights if it finds clear and convincing evidence of a history of chronic substance abuse, and that severance is in the child's best interests. A.R.S. §§ 8-533(B)(3), -537(B). A parent's "temporary abstinence from drugs . . . does not outweigh [her] significant history of abuse." *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29 (App. 2010).

**¶17** Although Mother tested negative for substances upon her release from prison, reasonable evidence supports the superior court's finding that she suffers from chronic substance abuse. At the termination

hearing, Mother testified she struggled with substance abuse for the past eight years and never completed treatment. She refused to engage in treatment, including during her incarceration. And while Mother made some efforts towards sobriety, her brief period of abstinence "does not outweigh h[er] significant history of abuse or h[er] consistent inability to abstain during this case." *Id.* The superior court did not err in terminating her parental rights under A.R.S. § 8-533(B)(3). *See Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287–88, ¶¶ 21, 25 (App. 2016) (affirming termination under A.R.S. § 8-533(B)(3) because child and mother tested positive for methamphetamine at child's birth, mother failed to engage in treatment, and mother failed to maintain her sobriety before termination).

### III.    Additional Statutory Grounds for Termination.

**¶18**        Mother also challenges the superior court's findings related to the two other statutory termination grounds. *See* A.R.S. §§ 8-533(B)(8)(b), (B)(10). Because we conclude that sufficient evidence supports the superior court's chronic substance-abuse finding under A.R.S. § 8-533(B)(3), we do not address these arguments. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds.").

### CONCLUSION

**¶19**        We affirm.

